# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

CANDY CHAN,

      Plaintiff,

v.                              CASE NO. 07-15449
                               HON. LAWRENCE P. ZATKOFF

PRIORITY RECORDS LLC,
SETTLEMENT SUPPORT CENTER LLC, and
SOBLE ROWE KRICHBAUM LLP,

      Defendants.
_____/

## ORDER TO REMAND IN PART

Plaintiff filed her complaint in the Wayne County Circuit Court on September 7, 2007. Defendants timely removed the action to this Court on December 21, 2007, based on federal-question jurisdiction under 28 U.S.C. § 1331 and supplemental jurisdiction under 28 U.S.C. § 1367.

Defendants also allege that diversity jurisdiction exists because the amount in controversy exceeds $75,000, and Plaintiff fraudulently joined the sole non-diverse Defendant, Soble Rowe Krichbaum LLP. The critical inquiry in "fraudulent joinder" cases focuses on "whether there is arguably a reasonable basis for predicting that the state law might impose liability on the facts involved." *Bobby Jones Garden Apartments, Inc. v. Suleski*, 391 F.2d 172, 176 (5th Cir. 1968) (as quoted in *Alexander v. Elec. Data Sys. Corp.*, 13 F.3d 940, 949 (6th Cir. 1994)). Removal statutes are to be construed strictly against removal such that, if the appropriateness of removal is in doubt, the matter should be resolved in favor of remanding to the state court. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09 (1941), *superseded by statute on other grounds as recognized in Breuer v. Jim's Concrete, Inc.*, 538 U.S. 691, 697 (2003); *ANR Pipeline Co. v. Conoco, Inc.*, 646

F. Supp. 439, 442 (W.D. Mich. 1986). In this case, Soble Rowe Krichbaum apparently acted as local counsel in the underlying proceeding that gave rise to the present matter. Although Plaintiff's complaint references Soble Rowe Krichbaum by name only once, she consistently includes Defendants' "investigators, attorneys, agents and/or employees" in her claims. Based on Plaintiff's complaint, the Court cannot definitively say that there is no "reasonable basis for predicting that the state law might impose liability on the facts involved" against Soble Rowe Krichbaum LLP. *See Alexander*, 13 F.3d at 949. Accordingly, the Court disagrees with Defendants' contention that diversity jurisdiction exists in this matter and shall review Defendants' Notice of Removal only through the lens of federal-question jurisdiction.

Plaintiff's complaint contains the following three[1] counts:

Count I      Abuse of Process under 18 U.S.C. § 876;

Count II     Violation of Mich. Comp. Laws § 750.213; and

Count III    Violation and/or Conspiracy to Violate the Racketeer Influenced and Corrupt Organizations (RICO) Act.

The Court has subject matter jurisdiction over Counts I and III because they arise under federal law. *See* 28 U.S.C. § 1331. Count II, however, is based on state law. Although the Court has supplemental jurisdiction over state-law claims pursuant to 28 U.S.C. § 1367(a), the Court may decline to exercise supplemental jurisdiction over state-law claims if there are "compelling reasons for declining jurisdiction." 28 U.S.C. § 1367(c)(4). The Court declines to exercise supplemental

---

[1] Plaintiff's complaint lists only two counts–Count I and Count III. As the complaint lists no "Count II," the Court presumes this to be a typographical error. Each of the original two claims in Plaintiff's complaint intertwine federal statutes with Mich. Comp. Laws § 750.213. In the interest of simplifying the matter of federal jurisdiction, the Court has renumbered Plaintiff's counts to include the portions of Plaintiff's complaint arising under Mich. Comp. Laws § 750.213 as a separate "Count II."

jurisdiction over Plaintiff's state-law claim in this matter. The Court finds that the contemporaneous presentation of Plaintiff's parallel state claim for relief will result in the undue confusion of the jury. *See id.*; *see also Padilla v. City of Saginaw*, 867 F. Supp. 1309, 1315 (E.D. Mich. 1994).

Accordingly, IT IS ORDERED that Plaintiff's state-law claim (Count II) is REMANDED to the Wayne County Circuit Court. The Court retains jurisdiction over Plaintiff's federal claims (Counts I and III).

IT IS SO ORDERED.

        s/Lawrence P. Zatkoff
        LAWRENCE P. ZATKOFF
        UNITED STATES DISTRICT JUDGE

Dated: January 18, 2008

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on January 18, 2008.

        s/Marie E. Verlinde

        Case Manager
        (810) 984-3290