UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CANDY CHAN,

       Plaintiff,

v.

PRIORITY RECORDS L.L.C., a California Limited
Liability Company; SETTLEMENT SUPPORT
CENTER, LLC, a Washington Limited Liability
Company, SOBLE ROWE KRICHBAUM LLP, a
Michigan Limited Liability Partnership.

       Defendants.

_____/

Case No. 07-15449
Hon. Lawrence P. Zatkoff

**OPINION AND ORDER**

AT A SESSION of said Court, held in the
United States Courthouse, in the City of Port Huron,
State of Michigan, on June 18, 2008

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

## I. INTRODUCTION

This matter is before the Court on Defendants' Motion to Dismiss (Docket #7). Plaintiff has filed a response to the Motion to Dismiss, and Defendants have filed a reply. The Court finds that the facts and legal arguments pertinent to Defendants' Motion are adequately presented in the parties' papers, and the decision process will not be aided by oral arguments. Therefore, pursuant to E.D. Mich. Local R. 7.1(e)(2), it is hereby ORDERED that Defendants' Motion be resolved on the briefs submitted, without this Court entertaining oral arguments. For the reasons that follow, Defendants' Motion to Dismiss is GRANTED.

## II. BACKGROUND

On September 9, 2004, Defendant Priority Records LLC ("Priority"), together with several other record companies, filed a lawsuit against Plaintiff (hereinafter the "Underlying Lawsuit"). Defendant Soble Rowe Krichbaum LLP ("SRK") was local counsel for the record companies in the Underlying Lawsuit. Defendant Settlement Support Center LLC ("SSC") was an entity retained by the record companies for the purpose of fielding telephone calls and conveying the record companies' settlement position to defendants in cases like the Underlying Lawsuit. Priority (an other record companies) brought the Underlying Lawsuit seeking redress for the infringement of copyrighted sound recordings under the Copyright Act, 17 U.S.C. § 101 *et seq*. They alleged that Plaintiff used a computer file-sharing program called "iMesh" to download copyrighted sound recordings from the Internet and to distribute copyrighted sound recordings to others without authorization.

When Plaintiff disclosed that her daughter Brittany Chan had been using her Internet account to download sound recordings, Priority and the other record companies moved to dismiss the Underlying Lawsuit. The Court dismissed the Underlying Lawsuit with prejudice on May 19, 2005. Before the Underlying Lawsuit was dismissed, Plaintiff moved for an award of attorneys' fees under Rule 41(a)(2) and the Copyright Act, 17 U.S.C. § 505. In her request for attorneys' fees, Plaintiff asserted that the Court should award fees to Plaintiff because of the record companies' alleged "lack of evidence to support [their] claims, [their] abusive actions in threatening [Plaintiff] with unfounded claims of liability, [their] efforts to burden [Plaintiff] with extensive litigation costs, and [their] motivation to continue to extract settlement revenue from other similarly situated individuals[.]"

In dismissing the Underlying Lawsuit, the Court (1) found that Plaintiff's assertions were unfounded, (2) concluded that the record companies had taken reasonable steps to try to prosecute the Underlying Lawsuit, and (3) denied Plaintiff's request for attorneys' fees. The Court stated:

> Since filing this action, [the record companies] have taken reasonable steps to try to prosecute this case and litigate against the proper defendant(s). They brought suit against Candy Chan because she was the registered user for the IP address from which the allegedly improper downloading and file sharing occurred. As evidenced by their letters and motions, [the record companies] have been trying to take action against only those parties responsible. To the extent that Candy Chan has incurred legal fees in this action, such fees are primarily the result of tactics designed to impede the ability of [the record companies] to prosecute this action in an efficient manner. In addition, the Court finds that the reason [the record companies] have repeatedly filed motions is because Candy Chan has not agreed to fairly simple mechanisms which would accomplish the same objectives that the filing of motions has accomplished.

The record companies subsequently filed a lawsuit against Plaintiff's daughter, Brittany Chan. The Court dismissed that lawsuit on procedural grounds. In this lawsuit, Plaintiff has asserted claims for (a) abuse of process under 18 U.S.C. § 876 (mailing threatening communications), and (b) violations of the RICO statute, 18 U.S.C. § 1962©.

### III. LEGAL STANDARD

Fed. R. Civ. P. 13(a) provides:

> A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction.

In determining whether a claim is a compulsory counterclaim the Sixth Circuit follows the "logical relationship" test. "Under this test, we determine whether the issues of law and fact raised by the claims are largely the same and whether substantially the same evidence would support or refute both claims." *Sanders v. First Nat. Bank & Trust Co. in Great Bend*, 936 F.2d 273, 277 (6th Cir.1991). A claim is not a compulsory counterclaim under Fed. R. Civ. P. 13(a) unless "the claim is one that the party 'has' at the time that the party is to file his responsive pleading." *Kane v. Magna Mixer Co.,* 71 F.3d 555, 562 (6th Cir.1995), *cert. denied,* 517 U.S. 1220 (1996). To be a compulsory counterclaim, the claim must have matured, at least in substantial part, at the time specified in Fed. R. Civ. P. 13(a). *New Britain Machine Co. v. Yeo,* 358 F.2d 397, 410 (6th Cir.1966).

## IV. ANALYSIS

Defendant asserts that Plaintiff's claims should be dismissed under Rule 13(a) because they were compulsory counterclaims in the Underlying Lawsuit and were required to have been brought, if at all, in the Underlying Lawsuit. Plaintiff asserts, however, that the actions giving rise to Plaintiff's claims arose after the filing of the original complaint, specifically at Paragraphs 71-77, 79 and 87-90 of her Complaint. *Amway Corp. v. Procter & Gamble Co*., WL 33494857 (W.D. Mich. 1999) (in applying the logical relationship test, the court concluded that there was some overlap in the Amway claims, but stressed that the subsequent claim for tortious interference encompassed activities that arose after the prior proceeding was initiated). The Court disagrees with Plaintiff's assertion.

First, the allegations of abuse of process and RICO violations clearly stem from alleged activity of the Defendant(s) which Plaintiff discussed in great detail during the pendency of the Underlying Lawsuit. As noted in Section II above, Plaintiff raised these issues in opposing the voluntary dismissal with prejudice and/or with respect to the attorney fees which Plaintiff sought and denied in the Underlying Lawsuit. Second, most of the allegations cited by Plaintiff in her response brief involve actions by the Defendant(s) that occurred prior to or concurrent with the filing of the Underlying Lawsuit. Third, many of the allegations are based on the lawsuit filed by Priority against Plaintiff's daughter and are not actions taken against Plaintiff at all.

For the reasons set forth above, the Court concludes that all of Plaintiff's claims alleged in the instant action are barred because they were required to be brought as compulsory counterclaims in the Underlying Lawsuit. Defendants' Motion to Dismiss is therefore granted.

## V. CONCLUSION

Accordingly, and for the reasons stated, the Court hereby GRANTS Defendants' Motion to Dismiss and this case is hereby DISMISSED WITH PREJUDICE. Judgment shall be entered accordingly.

IT IS SO ORDERED.

                                              s/Lawrence P. Zatkoff
                                              LAWRENCE P. ZATKOFF
                                              UNITED STATES DISTRICT JUDGE

Dated: June 18, 2008

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on June 18, 2008.

                                        s/Marie E. Verlinde

                                        Case Manager

                                        (810) 984-3290